UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF VERMONT

| UNITED STATES OF AMERICA, | : | |
|---|---|---|
| Plaintiff, | : | |
| | : | |
| v. | : | File No. 1:08-CR-84-jgm-01 |
| | : | |
| JOEL C. SIEGEL, | : | |
| Defendant | : | |
| | : | |

RULING ON MOTION TO MODIFY
CONDITIONS OF SUPERVISED RELEASE
(Doc. 35)

I.  Introduction

Defendant Joel C. Siegel (Siegel or Defendant) has moved to transfer jurisdiction of his supervised release to the Northern District of Illinois, or, in the alternative, to modify the conditions of his supervised release. (Doc. 35.) The government opposed the motion (Doc. 41) and, in February, the Court denied the motion in part, holding the motion for transfer of jurisdiction of supervised release was premature (Doc. 45). The government was directed to and did reply to the remainder of the motion requesting the Court modify Siegel's conditions of supervised release to permit him to live in the Northern District of Illinois. (Docs. 45, 48.) Siegel replied on March 25 (Doc. 49). For the following reasons, the remainder of Siegel's motion is denied.

II. Background

In December 2008, Defendant pleaded guilty to one count of interstate transportation of child pornography, in violation of 18 U.S.C. § 2252(a)(1), and was subsequently sentenced to 78 months' imprisonment and five years of supervised release. (Doc. 33.) Though he was prosecuted in Vermont, Defendant resided in Illinois at the time of his offense and had lived there all his life. (Doc. 41 at 4.) Defendant is currently incarcerated at the Low Security Correctional Institute-Allenwood (LCSI-Allenwood) in Pennsylvania. (Doc. 35 at 3; Doc. 41 at 1.)

According to the parties, Defendant is projected to be released on January 31, 2014, via Good Conduct Time Release. (Doc. 35 at 3; Doc. 41 at 1-2.) In September 2012, an Institutional Referral for RRC[1] Placement form was completed by officials at LCSI-Allenwood and sent to the District of Vermont Probation Office. See Doc. 41-5. Defendant's anticipated release date is January 31, 2014 and the release city is listed as Burlington, Vermont. Id. The form recommends "150-180 [d]ays RRC placement and the full range of community programs." Id. After unsuccessfully seeking release to Chicago through the Northern District of Illinois Probation Office (Doc. 35 at 4-5; Doc. 41 at 2), Defendant sought an order from this Court transferring his supervised release to the Northern District of Illinois, which was denied (Doc. 45) or, in the alternative, modifying the conditions of his supervised release to allow his residence there.[2]

III. Discussion

Defendant seeks an order from this Court modifying the conditions of his supervised release under 18 U.S.C. § 3583(e)(2) to allow his residence in the Northern District of Illinois upon his release. (Doc. 35.) 18 U.S.C. § 3583(e)(2) allows the court to, after considering certain 18 U.S.C. § 3553(a) factors[3], "modify, reduce, or enlarge the conditions of supervised release, at any time prior to the expiration or termination of the term of supervised release, pursuant to the provisions of the Federal Rules of Criminal Procedure." Federal Rule of Criminal Procedure 32.1(c) governs such

---

[1] Defendant notes at some point the BOP began referring to "halfway houses" as Residential Reentry Centers (RRC) instead of the former term Community Correctional Centers.

[2] The terms of his supervised release currently contain the standard condition: "the defendant shall not leave the judicial district without the permission of the court or probation officer." (Doc. 33 (Judgment) at 3.)

[3] The Court notes the first § 3553(a) factor includes the history and characteristics of the defendant, 18 U.S.C. § 3553(a)(1), which, as discussed above, includes residing in Illinois all his life.

2

modification. It requires a hearing before modification unless "(A) the person waives the hearing; or (B) the relief sought is favorable to the person and does not extend the term of . . . supervised release; and (C) an attorney for the government has received notice of the relief sought, has had a reasonable opportunity to object, and has not done so." Fed. R. Crim. P. 32.1(c). Here, Defendant clearly waived a hearing (Doc. 35 at 7), and as the relief is sought by the Defendant himself and would not extend the term of his supervised release, both subsections (A) and (B) are satisfied. The government received notice of the relief Defendant seeks and objected. See Doc. 48. Accordingly, under Rule 32.1(c), the Court is required to hold a hearing if the requested modification were to be granted. The Court now considers the requested modification.

The government posits that a modification "would have the practical effect of being an order to the BOP that it release Siegel in the Chicago area," (Doc. 48 at 1), but also states "BOP has exclusive jurisdiction over the placement of prisoners, so the requested relief would have no effect." Id. at 2. With no citation to authority, it states it is Siegel's burden to propose a residence and concludes: "The government is confident that the BOP will do what it can to facilitate his return to the Chicago area, but no legal basis exists to permit him to subvert BOP rules for the orderly release of inmates." Id.

In reply, Siegel maintains his position that the requested modification would not force the BOP to do anything but would "send a message to the BOP that its insistence upon 'proposing a residence,' under these facts (i.e., Mr. Siegel's confinement in Pennsylvania, prior residence in Chicago, death of his ex-wife, etc.) is illogical and does not serve the purposes of § 3624(c)(1)." (Doc. 49 at 3.) He submits designation to a Chicago area RRC would allow him the time and resources to secure an acceptable residence in Illinois. Id. at 3-4.

Though recognizing the logic in Siegel's argument regarding Chicago RRC placement, the Court denies the requested modification. As Siegel recognizes, it would not result in the ultimate

3

relief he seeks, which is to be sent to an RRC in the Chicago area.  The Court notes the BOP is required to consider the factors set forth in 18 U.S.C. § 3621(b) when transferring an inmate to an RRC.  Levine v. Apker, 455 F.3d 71, 87 (2d Cir. 2006).  Two of those factors are the "history and characteristics of the prisoner" and "any statement by the court that imposed the sentence." 18 U.S.C. § 3621(b)(3-4).  Further, 18 U.S.C. § 3624(c) provides the BOP "shall . . . ensure that a prisoner serving a term of imprisonment spends a portion of the final months of that term . . . , under conditions that will afford that prisoner a reasonable opportunity to adjust to and prepare for the reentry of that prisoner into the community."  18 U.S.C. § 3624(c).  Here, Defendant is now 68, and a life-time resident of the Chicago area with no ties to Vermont.  (Doc. 35 at 5-6.)  Defendant's community is Illinois, not Vermont.  This Court, as the sentencing court, notes Defendant's release to an RRC in Illinois would be logical and "provide the greatest likelihood of [Defendant's] successful reintegration into the community."  (Doc. 41-5.)  Accordingly, the Court reiterates its recommendation that Defendant be designated to serve the RRC placement portion of his sentence at an RRC in Illinois.

As the Court denies modification, a hearing under Rule 32.1(c) is unnecessary.

IV.     Conclusion

Defendant's motion to transfer jurisdiction of his supervised release having been denied (Doc. 45), the remainder of the motion requesting a modification of supervised release (Doc. 35), is also DENIED.

SO ORDERED.

Dated at Brattleboro, in the District of Vermont, this 30th day of April, 2013.

/s/ J. Garvan Murtha
Honorable J. Garvan Murtha
United States District Judge

4